IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 17-03532 ESL |
| ANGEL LUIS CLAUDIO DIAZ | CHAPTER 7 |
| DEBTOR | |
| —————————————————————— | |
| BANCO POPULAR DE PUERTO RICO | ADV. PROC. NO. 19-00430 |
| PLAINTIFF | |
| V. | |
| ANGEL LUIS CLAUDIO DIAZ WIGBERTO LUGO MENDER (Trustee) | |
| DEFENDANT | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

COMES NOW, **ANGEL LUIS CLAUDIO DIAZ,** the Defendant/Debtor in the above captioned case, through his undersigned attorney, very respectfully states and prays as follows:

### I. Introduction

1. On October 02, 2019, Banco Popular de Puerto Rico (the Plaintiff) filed a *Complaint* (Docket No. 1) seeking a declaratory judgment on the validity of a mortgage lien on the Defendant's residential real property, the creditor's right to foreclose real property and a declaration on non-dischargeability of action against real property, in the above captioned adversary proceeding.

2

2. On November 25, 2019, Angel Luis Claudio Diaz (the Defendant/Debtor) filed his *Answer to the Complaint* alleging that for the purposes of the Debtor's Chapter 7 bankruptcy case, the Plaintiff's claim is classified as an unsecured claim since as of the date of the filing of the bankruptcy petition Plaintiff did not have a perfected mortgage lien on the Debtor's residential real property, that being an unsecured claim the same was discharged, and that any further post-discharge actions by the Plaintiff to perfect its security is a violation of the discharge injunction.

3. On April 30, 2021, the Parties hereto appeared, through Counsel, at a Pre-Trial Hearing and the Court granted the parties 30 days to file motions for summary judgment, allowing 30 days thereafter for replies. *ORDER*, Docket No. 47, in the above captioned adversary proceeding.

4. Under Rule 56(a) of the Federal Rules of Civil Procedure adopted by reference by Rule 7056 of the Federal Rules of Bankruptcy Procedure the Defendant/Debtor moves the Court for Summary Judgment requesting the Court to deny the present Complaint, declare that the Plaintiff's claim is an unsecured claim that was discharged in the Defendant's bankruptcy case and declare that Plaintiff's post-discharge actions violate the discharge injunction, in the above captioned proceeding.

**II. Plaintiff's Statement of Material Uncontested Facts.**

5. On **August 18, 2005**, Debtor, Angel Luis Claudio Diaz, acquired ownership of a property for the price of $35,0000.00 as per the Vesting Deed. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 1, page 10, Docket No. 45.

3

6. The legal description of the property acquired by Debtor is:

> RUSTIC: SAN SALVADOR WARD in Caguas. Plot: 3. Surface Area: 1,488 Square Meters. Boundaries: North, at a distance of 76.6893 meters, according to the plan with the Estate of Felipe Flores. On the South, with a road dedicated to Public Use, with a distance of 79.5919 meters. On the East, with the remainder of the main land plot, with a distance of 57.6532 meters. On the West, with Property number 2, at a distance of 51,0808 meters. Located in San Salvador Ward. It is a segregation of Lot 25100 at Page 266 of Volume 770 in Caguas, approved by Plan number 2386.

**See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 2, pages 10-11, Docket No. 45.

7. The Property was identified with the number 52,829 and recorded in Page 160, Volume 1552 of the Puerto Rico Registry of the Property, Caguas I. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 3, page 11, Docket No. 45.

8. The Vesting Deed was recorded as abbreviated entry no. 2 of Property number 52,829 in the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010(1). **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 4, Page 11, Docket No. 45.

9. On **August 18, 2005**, Debtor obtained a loan from Doral Financial Corporation d/b/a HF Mortgage Bankers (the "**Original Lender**") in the amount of $94,833.00 with a yearly interest of 6.95%. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 5, page 11, Docket No. 45.

10. To guarantee payment of the amount owed, Debtor constituted a mortgage over **the Property** through the Mortgage **Deed No. 135** before Notary Public Diomary Laboy Rivera. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 6, page 11, Docket No. 45.

4

11. Mortgage Deed No. 135 was recorded as abbreviated entry no. 3 of Property No. 52829, in the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 7, page 11, Docket No. 45.

12. On **August 3, 2006**, the Original Lender modified Mortgage Deed No. 135 pursuant to the terms and conditions described in Public Deed No. 21, executed before Notary Public Félix Y. Bravo Rosario. Specifically, the parties agreed to modify the monthly installments payments of the mortgage note as well as to extend its maturity date. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 8, page 12, Docket No. 45.

13. Public Deed No. 21 was recorded as abbreviated entry no. 4 of Property No. 52829 in the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010, **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 9, page 12, Docket No. 45.

14. On May 28, 2009, the **Original Lender** released Mortgage Deed No. 135 by means of Public Deed No. 1201, executed before Notary Public Luis A. Archilla Díaz. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 10, page 12, Docket No. 45.

15. Public Deed No. 1201 was recorded as abbreviated entry no. 5 of Property No. 52,829 at the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 11, page 12, Docket No. 45.

5

16. On **November 25, 2008,** Debtor and **Co-debtors, Angel Claudio De Jesus and Estebania Díaz Diaz (jointly referred to as "the Co-debtors**") obtained a loan from Doral Mortgage, LLC ("**Lender**") in the amount of $111,568.00 with a yearly interest of 5 1/2%. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 12, page 12, Docket No. 45.

17. On November 25, 2008, to evidence the amount owed to the Lender, both Debtor and Co-debtors executed a Mortgage Note payable to Doral Mortgage, LLC or to its holder under Affidavit No. 3779 of Notary Public Luis E. Mejías Rivera. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 13, page 12, Docket No. 45.

18. The above described $111,568.00 mortgage note was to be guaranteed with a *Mortgage Deed* Number 729 dated November 25, 2008, executed before Notary Public Luis E. Mejias Rivera. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 14, page 13, Docket No. 45.

19. On December 23, 2008, the aforementioned *Mortgage* Deed Number 729 was filed ("*presentada*") at the Puerto Rico Property Registry, Caguas Section, at *asiento* 263 *diario* 1145, personally filed ("presentada") by a Gerardo Ayala Serrano, at 9:50AM. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 16, page 13, Docket No. 45.

20. Pursuant to the entry note ("*asiento* 263 *diario* 1145") made by the Property Registry concerning the filing ("presentación") of the Mortgage Deed Number 729, the same was filed ("presentada") for recordation of a mortgage lien on Property Number 52,552. **See** *Title Search Study* by Luz Castro Colon, Dated September 1st, 2017, attached as Exhibit "3".

6

21. The Mortgage Deed Number 729 was eventually recorded at the Property Registry of Caguas, encumbering Property Number 52,552, a real property located at La Serrania Development Lot 64 D, pertaining to Israel Alvarez Rodriguez and Maria D. Camacho Velazquez. **See** *Title Search Study* by Luz Castro Colon, Dated September 1st, 2017, attached as Exhibit "3".

22. As of May 19, 2019, the date of the filing of the Defendant/Debtor's above captioned Chapter 7 bankruptcy case, the Mortgage Deed Number 729 did not appear as a mortgage lien on the Property (Number 52,829). **See** *Title Search Study* by Luz Castro Colon, Dated May 19, 2017, attached as Exhibit "1".

23. The Defendant/Debtor listed BPPR as an unsecured claim and all pertinent information submitted with the Chapter 7 Petition, Schedules, Means Test, Statement of Financial Affairs, correctly related the information resulting from the Property Registry as to his real property and creditors. **See** *Chapter 7 Voluntary Petition for Individual, Schedules D/E, F, Debtor's Statement of Intention, Current Monthly Income and Means Test Calculation and Statement of Financial Affairs*, Docket No. 01, Bankruptcy Case No. 17-03552 ESL7.

24. During the life of the Chapter 7 case, on July 18, 2017, Plaintiff filed a *362 Motion for Relief From Stay*, alleging that its allegedly secured loan was not being paid, thus, requesting the Court for the lifting of the automatic stay in order to pursue its alleged collateral. **See** *Motion for Relief From Stay Under 362,* Docket No. 10, Bankruptcy Case No. 17-03552 ESL7.

25. Attached to its 362 motion is a Title Report ("Estudio de Titulo") procured by Plaintiff's bankruptcy case Counsel *Bermudez Diaz & Sanchez LLP*, dated August 18, 2017,

7

issued by *Eagle Title and Other Services, Inc.*, which states that mortgage deed number 729 was neither filed nor recorded on the Property. **See** *Motion for Relief From Stay Under 362,* Docket No. 10, Bankruptcy Case No. 17-03552 ESL7.

26. On August 15, 2017, the Court denied Plaintiff's motion for relief from the automatic stay. **See** *ORDER*, Docket No. 24, Bankruptcy Case No. 17-03552 ESL7.

27. On November 07, 2017, the Court entered a *Discharge Order* in favor of the Defendant/Debtor. **See** *Discharge of Debtor*, Docket No. 26, Bankruptcy Case No. 17-03552 ESL7.

28. The *Discharge Order* entered by the Court in the Defendant's bankruptcy case, granted the Defendant/Debtor a discharge of all his debts, specifically, a discharge of Plaintiff's unsecured claim. **See** *Discharge of Debtor*, Docket No. 26, Bankruptcy Case No. 17-03552 ESL7.

29. After the order of discharge was entered by the Bankruptcy Court in favor of the Debtor, Plaintiff procured from the Property Registry and the Property Registrar withdrew from property number 52,552 (the Serrania Development property) the mortgage deed number 729 and that the same was recorded against the Property. **See** *Joint PreTrial Report*, *II. Statement of Uncontested Facts*, Paragraph 27, at Docket No. 45, Adv. Proc. 19-00430.

30. Plaintiff procured the post-discharge recordation at the property Registry of deed number 729 on the Property on the grounds that since mortgage deed number 729 had been recorded under Law #216 of December 27, 2010, a law created to speed up the pending documents at the Registry, and the recordation of deed number 729 on property 52,552 was an "error", the Law allows the Property Registrar to handle this type of "errors" by

8

internally correcting or rectifying the same. **See** *Answer to Complaint, Affirmative Defenses,* Paragraphs 8 and 9, at Docket No. 22, Adv. Proc. 19-00430.

31. The "rectification procedure" performed by the property Registry concerning deed number 729 is null and void on the grounds the Law allows said type of "rectifications" within a limited time after the "error" of recordation was made. Secondly, if the correction to be performed by the Registry could affect any party, prior to making the "rectification" of the alleged "error" the Registry had to give notice to all parties involved in order to comply with "due process", especially in a situation where property rights are involved and/or move for a judicial resolution ordering the rectification. **See** *Answer to Complaint, Affirmative Defenses,* Paragraphs 8 and 9, at Docket No. 22, Adv. Proc. 19-00430.

32. The recordation of mortgage deed number 729 on property number 52,552 (not on the Property) which recordation was performed in the year 2010 by virtue of Law #216, and the same was not corrected and/or rectified within the procedures allowed by Law. **See** *Answer to Complaint, Affirmative Defenses,* Paragraphs 8 and 9, at Docket No. 22, Adv. Proc. 19-00430.

33. The Defendant was not notified by the Property Registry that the Property was to be encumbered with mortgage deed number 729, in violation of the Defendant's right to a due process. **See** *Defendant's Unsworn Declaration Under Penalty of Perjury*, Exhibit "1"

34. Plaintiff knew or should have known since the year 2010 that its deed number 729 had been recorded at property 52,552 and not under the Property. **See** *Title Search Study* by Luz Castro Colon, Dated September 1st, 2017, attached as Exhibit "3".

35. Plaintiff procured the correction of its defective lien after the entry of the Order of discharge, incurring in a willful violation of the discharge order under Section 524 of the

9

Code. **See** *Answer to Complaint, Affirmative Defenses,* Paragraph 7, at Docket No. 22, Adv.

Proc. 19-00430.

### III. Defendant's Arguments and Legal Grounds

#### A. A motion for summary judgment is governed by Rule 7056 FRBP which makes Rule 56 applicable to adversary proceedings

36. Pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP"),

Rule 56 of the Federal Rules of Civil Procedure (F.R.Civ.P.) applies in adversary

proceedings.

37. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment

should be entered "if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Bankr. P. 7056; see also, *In re Colarusso*, 382 F.3d 51 (1st Cir. 2004), citing *Celotex Corp. v.

Catrett*, 477 U.S. 317, 322-323 (1986).

38. "The summary-judgment procedure authorized by Rule 56 is a method for

promptly disposing of actions in which there is no genuine issue as to any material fact or in

which only a question of law is involved." Wright, Miller & Kane, *Federal Practice and

Procedure*, 3d, Vol 10A, § 2712 at 198. "

39. The moving party invariably bears both the initial as well as the ultimate burden

in demonstrating its legal entitlement to summary judgment. *Adickes v. Kress & Co.*, 398

U.S. 144, 157 (1970).

40. A party may not rely upon bare allegations to create a factual dispute but is

required to point to specific facts contained in affidavits, depositions and other supporting

10

documents which, if established at trial, could lead to a finding for the moving party. *Over the Road Drivers, Inc. v. Transport Insurance Co.*, 637 F.2d 816, 818 (1st Cir. 1980).

41. The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. *Lopez v. Corporacion Azucarera de Puerto* Rico, 938 F.2d 1510, 1517 (1st Cir. 1991). The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. *Adickes*, 398 U.S. at 159.

### B. The "constitutive" requirement for a mortgage to be valid.

42. In Puerto Rico, the requisites, nature and effect of mortgages are set forth in the Commonwealth's Civil Code and mortgage law. *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 118 (1st Cir. 2011).

43. Under Puerto Rico Law, every mortgage must satisfy three essential requisites in order to be validly constituted: (i) secure the fulfillment of a principal obligation; (ii) be stipulated in a deed and; (iii) it shall be recorded at the Registry of the Property. *Puerto Rico's Real Estate Registry Act of 2015*, 30 L.P.R.A. Section 6084.

44. The Puerto Rico Civil Code also establishes the "constitutive effect of recordation" applicable to mortgages, by requiring that the mortgage deed be recorded at the Registry for the mortgage to be properly constituted and valid. Civil Code of Puerto Rico of 1930, 31 L.P.R.A. Section 5042.

45. In a recent Supreme Court of Puerto Rico case it was held that under Article 1774 of the 1930 Civil Code of Puerto Rico (recently amended), the "consitutive effect of recordation" is a requisite for a mortgage to be valid. See: *Haedo Castro v. Roldan Morales*, 203 D.P.R. 324, 342 (2019).

11

46. "Without the recording, 'a creditor only has an unsecured personal obligation regarding the underlying debt'. *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 121 (1st Cir. 2011); see also: *Roig Commercial Bank v. Dueño*, 617 F. Supp. 913, 915 (D.P.R. 1985) (failure to promptly record the mortgage deed turned the promissory note into a personal obligation, unsecured, solely enforceable against the maker.') *Benavides Posada v. Banco Popular de Puerto Rico*, 574 B.R. 32, (U.S. Bankruptcy Court DPR 2017).

## C. __Law No. 216 of Dec. 27, 2010, known as the__ *Act to Streamline the Property Registry.*

47. On December 23, 2008, the Plaintiff's *Mortgage* Deed Number 729 was filed ("*presentada*") at the Puerto Rico Property Registry, Caguas Section, at *asiento* 263 *diario* 1145, personally filed ("presentada") by a Gerardo Ayala Serrano, at 9:50AM, encumbering Property Number 52,552.

48. Pursuant to the entry note ("*asiento* 263 *diario* 1145") made by the Property Registry concerning the filing ("presentación") of the Mortgage Deed Number 729, the same was filed for recordation of a mortgage lien on Property Number 52,552.

49. As previously stated, the Plaintiff's Mortgage Deed Number 729 was recorded under Law No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry,* encumbering Property Number 52,552, a real property located at La Serrania Development Lot 64 D, pertaining to Israel Alvarez Rodriguez and Maria D. Camacho Velazquez.

50. Since Property Number 52,552 is not the Property owned by the Defendant, it is undisputed that as of the date of the filing of the Defendant's bankruptcy petition, Plaintiff did not have a valid registered lien on the Property.

12

51.  Law 216 was enacted "...to eliminate the backlog, ease the workload at the Registry and facilitate its modernization, it does not invalidate or leave without effect the general principles that encompass the system of the registry and Puerto Rico Mortgage Law. See: *In Re Ramos*, 493 B.R. 355, 368 (Bkrptcy. D.P.R. 2013).

52.  "...Article 7 of Law 216 establishes that 'records made in accordance with this Act shall be deemed to be correct.' 2010 P.R. Laws No. 216 at 5; 30 L.P.R.A. Section 1826." *In Re Ramos*, 493 B.R. 355, 368 (Bankrptcy. D.P.R. 2013).

53.  "... [any] error shall be corrected pursuant to Act No. 198 of August 8, 1979, as amended, known as the 'Mortgage and Property Registry Act' and the Regulations to Enforce the Mortgage and Property registry Act, Regulations No. 2674 of July 13, 1980, as amended or any subsequent Regulations".  *In re Ramos*, *supra*, at page 368.

54.  "Law 216 in effect abolished the requirement of having the Registrar to review the documents (known in Spanish as 'calificar') that were pending inscription on or before April 30, 2010. Consequently, none of the registrar will be issuing any notices of defects for documents that fall under Law 216's purview". *In re Ramos*, *supra*, at page 368.

55.  In the present case, the Property Registrar proceeded to record Plaintiff's mortgage deed number 729 without issuing any notice for defects. However, recordation of the mortgage deed did not encumber or did not create a lien on the Property, since the recordation was performed on Property Number 52,552, **and not on the Property**.

56.  Therefore, once the Defendant/Debtor filed his bankruptcy petition, the automatic stay and subsequently, the discharge order, prevented Plaintiff from recording its Mortgage Deed Number 729 in the Registry, which action was done by Plaintiff with the ultimate purpose of illegally collecting a discharged debt by creating a post-discharge lien

13

on the Property in violation of the discharge injunction under Section 524 of the Bankruptcy Code.

### D. The case of O*rtega Ramos v. Banco Popular de Puerto Rico* and BPPR's theory of "multiple or simultaneous recordings"

57. In the case of *Ortega Ramos v. Banco Popular de Puerto Rico*, *Opinion and Order*, Adv. No. 17-00092 (BKT) (May 8, 2018), the Bank's mortgage deed had been recorded under the Law No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry*.

58. In its *Opinion and Order*, Honorable Bankruptcy Judge Brian K. Tester resolved that although the Bank's mortgage deed had been presented and recorded, there was a material fact creating a defect in the recordation which prevented the Bank from having a valid recordation of said mortgage deed.

59. The Court held that "...BPPR's Mortgage Deed was not properly recorded pursuant to Puerto Rico Mortgage Law, and therefore, Defendant does not hold a secured claim". *Opinion and Order*, Adv. No. 17-00092, at page 9.

60. The *Ortega Ramos*, supra, decision is illustrative and applicable to the situation presented in the present case. The *Ortega Ramos* Court considered the facts surrounding the recordation of the Bank's deed and concluded that said facts evidenced a defect in its recordation that invalidated the recordation of the Bank's mortgage deed.

61. In the present case, Plaintiff's mortgage deed number 729 was recorded on property number 52,552 and as previously stated, as of the date of the filing of the Defendant's bankruptcy case the Property was free and clear of any and all liens.

62. Plaintiff's contention that its mortgage deed number 729 was also recorded

14

on the Property, results in a situation of "multiple or simultaneous recordings" of the same mortgage deed on two different real properties, which proposition is legally unsustainable.

63. Therefore, should the Court look into the situation surrounding the recordation of mortgage deed number 729 on the Property (*Ortega Ramos*, *supra*) it is reasonable to conclude that:

> ---Plaintiff did not have a pending filing ("presentacion") of its mortgage deed 729 since the same had been recorded under Law 216 on property Number 52,552;

> ---although no notice of defects was issued buy the Property Registrar, the recorded certified copy of the mortgage deed 729 was returned to the Notary Public with a Registry note stating that the same was recorded on Property Number 52,552 and neither the Plaintiff nor the Notary Public requested a pre-bankruptcy petition correction of the erroneous recordation;

> ---for purposes of the bankruptcy case, Plaintiff's claim is not a secured claim since it did not have a lien or a security on the Property, and being an unsecured claim the same was discharged as per the order of discharge entered in the bankruptcy case; and

> ---the post-discharge conversion of its unsecured discharged claim into a secured claim is a violation of the discharge injunction afforded to the Defendant/Debtor in the present case.

**E. The mortgage deed recordation on the Property is an invalid act by the Property Registry.**

64. It is undisputed that pursuant to Law No. 216 of Dec. 27, 2010, known as the *Act*

15

*to Streamline the Property Registry*, BPPR's mortgage deed 729 was recorded at property number 52,552.

65. The procedure to correct this "error" of recording mortgage deed 729 in a different real property, is provided for in Article 7 of Law No. 216 which states that any correction of any error in the recordation under this law will be made pursuant to the Real Property Registry Act formerly known as Property Registry and Mortgage Law of Puerto Rico, and the Regulations to Enforce the Mortgage and Property Act, Regulation No. 2674 July 13, 1980.

66. Section 2501 of the Real Property Registry Act, 30 L.P.R.A. Section 2501, any error made by a Registrar may be rectified as provided for by the Regulations.

67. Section 2502 of the Real Property Registry Act, 30 L.P.R.A. Section 2502, provides that an error made by the Registrar when making an entry may be rectified, provided it does not affect the rights of registered titleholders. In the event the rectification may affect any rights of titleholders their consent or a judicial resolution ordering the rectification of the entries shall be required.

68. In the present case, the rectification made by the Property Registrar when it recorded the mortgage lien on the Property had to be previously notified to the Defendant and/or a judicial resolution ordering the rectification was required. The Defendant was not notified of said correction or rectification and neither id the Property Registrar moved for a judicial resolution ordering said recordation.

69. Attached to the present motion is an *Unsworn Declaration Under Penalty of Perjury* issued by the Defendant Angel Luis Claudio Diaz, Exhibit "1", whereby the Defendant states that he was not notified by the Property Registry nor was he a party to an

16

action before a Court concerning the post-discharge creation of a lien on the Property.

### F. The Recent Case of *DLJ Mortgage Capital, Inc. v. Garcia Ramos*, 2021 TSPR 66.

70. On May 14, 2021, the Supreme Court of Puerto Rico issued an Opinion in the case

of *DLJ Mortgage Capital, Inc. v. Garcia Ramos*, 2021 TSPR 66, whereby the Supreme Court of Puerto Rico (hereinafter "SCPR") issued an interjurisdictional certification as to the issue of whether the principle of successive claim of ownership ("tracto") that requires the debtor to be listed as a registered owner of its property is a pre-condition to consider a mortgage deed validly recorded by operation of Law 216.

71. The SCPR also certified the issue as to whether a recordation validly made under Law 216 is affected when the owner of the property participated in the events that led to non-recordation of its vesting deed at the Registry of Property by not correcting the defects notified by the Registry.

72. Although the above stated issues as not directly in question in the present case, the *DLJ Mortgage Capital, Inc.*, *supra.*, case is relevant to the issue herein presented.

73. In the case of *DLJ Mortgage Capital, Inc.*, *supra*, the SCPR stated as follows:

> "Finally, it is pertinent to state that recordations ("inscripciones") performed under Law Num. 216-2010 are presumed correct. Art. 7, Law Num. 216-2010, 30 LPRA sec. 1826. Notwithstanding, this statute provides that, any correction of an error, will be done as provided under the Mortgage Law, *supra*, and the General Regulations for the Execution of the Mortgage and Property Registry Act, Regulation Num. 2674, Department of Justice, July 9, 21989, as amended (hereinafter, "Regulation 2674") or any other ulterior regulation. *Id.*" *DLJ Mortgage Capital, Inc.*, *supra*, at page 22. (Our

17

translation.)

74. Citing the Commentator Luis Rafael Rivera Rivera, the SCPR states as follows:

"…'once the document is recorded, the entry ("asiento") is untouchable, and it is under the safeguard of the courts. The fact that the Mortgage Law authorizes the Registrar to correct errors in certain very particular circumstances, that does not mean that he (the Registrar) may adjudicate rights. …[A]nd it could not be in any other manner, since this task is for the courts." *DLJ Mortgage Capital, Inc.*, *supra*, at page 23. (Our translation.)

75. Therefore, in its Opinion, the SCPR is clear and direct when it states that the Registrar is not allowed to correct any errors that may affect the rights of interested parties, specifically a duly registered property owner since that issue must be entertained and adjudicated by the Courts.

76. Furthermore, in its Opinion, the SCPR states that "…in those instances where a rectification (of any error) may affect the rights of the registered owners, Art. 151 of the Mortgage Law, 30 LPRA sec. 2502, provides that the consent of all affected parties is required or a judicial resolution ordering the correction of the entry." *DLJ Mortgage Capital, Inc.*, *supra*, at page 25. (Our translation.)

77. Therefore, reasonable to conclude that in the present case the Property Registry did not give notice to the Defendant that it was rectifying its error by creating a post-discharge lien on the Property and/or did not file a Court action to allow the Courts to adjudicate the correction of the erroneous entry.

78. Thus, the post-discharge recording of a mortgage lien on the Property is an invalid action by the Property Registry and since the same was procured by the Plaintiff, the same is a violation of the discharge injunction in the present case.

18

### D. **Plaintiff's failure to procure a valid recordation of its mortgage deed.**

79. Up to the year 2008, there was a high volume of transactions pending which created a delay at the Property Registry of Puerto Rico for the handling of documents pending recordation.

80. In order to attend to this situation at the Property Registry, in the year 2010, Law No. 216 of Dec. 27, 2010, known as the *Act to Streamline the Property Registry* came into effect which allowed the Property Registry to automatically register pending documents before the Registry.

81. "The delay in the recordation process impedes the mortgage 'loans from having actual guarantees, which renders access to capital and consequently, economic growth more difficult'. Law 216 Statement of Motives, 2010 P.R. Laws No. 216 at 2; *Sanchez Diaz v. Estado Libre Asociado de Puerto Rico*, 181 D.P.R. 826-827 (2011).

82. The delay also 'jeopardizes the legal process regarding real property and impairs the rights of citizens.' Law 216's Statement of Motives. As a result of this situation, Law 216 passed as a temporary measure." *Ramos v. Banco Popular de Puerto Rico*, 493 B.R. 355, 367 (D. Puerto Rico 2013).

83. In the present case, after the Plaintiff's mortgage deed 729 was recorded, the Property Registry gave notice to the Plaintiff, through its Notary Public Luis E. Mejia Rivera, that its Mortgage Deed Number 729 had been recorded and that the Notary Public was allowed to withdraw the duly recorded certified copy of the mortgage deed, which contains the recording information.

84. Thus, the Plaintiff knew or should have known that its mortgage deed was defective and that the same had been incorrectly recorded in property number 52,552.

19

85. The lack of recordation of mortgage deed number 729 on the Property for more than eight years cannot be attributable to a record "…devoid of any suggestion that the documents were defective in any manner or that Banco Popular bears any responsibility for the lengthy delay." *Soto-Rios v. Banco Popular de Puerto Rico*, 662 F.3d 112, 122 (1st Cir. 2011).

86. On the other hand, should Plaintiff had taken all the necessary steps in its power to effectuate due recording of its mortgage deed number 729 on the Property, it is reasonable to state that its mortgage deed number 729 would have been duly recorded as of the date of the Defendant's bankruptcy petition.

87. In the recent case of *DLJ Mortgage Capital, Inc.*, *supra*, the Supreme Court of Puerto Rico was presented with the issue of whether or not a property owner that had not taken the steps to correct a defect in the recordation of a mortgage deed would prevent the registry owner to question the validity of said recordation.

88. As to this issued, the Supreme Court of Puerto Rico stated as follows:

> "…the fact that the registry owner did not correct the notified defects, does not alter or change the fact that - - in the present case - - the correction presumption was refuted. (27)". *DLJ Mortgage Capital, Inc.*, *supra*, at page 33.
> "Particularly, when arguably the original mortgage creditor contributed to the undoing of the successive claim of ownership ("tracto"). *DLJ Mortgage Capital, Inc.*, *supra*, at page 33, Footnote 27.

89. In the present case, the facts surrounding the recordation in the Property of Plaintiff's mortgage deed number 729 demonstrate that Plaintiff did not have a valid mortgage lien on the Property as of the date of the filing of the bankruptcy case.

20

90. Furthermore, Plaintiff's post-discharge acts procuring the imposition of a mortgage lien on the Property results in a willful violation of the discharge injunction under 11 U.S.C. Section 524(a).

**F. The Defendant/Debtor denies and objects to allegations of fraudulent conduct against him by BPPR.**

91. The Defendant is the Debtor in Bankruptcy Case Number 17-03532, ESL7 filed on May 19, 2017 at the Bankruptcy Court for the District of Puerto Rico.

92. The Defendant Claudio-Diaz is an "honest debtor".

93. As of the date of the filing the Defendant's bankruptcy petition, his attorney requested and obtained a Title Report issued by Luz Castro Colon, dated May 19, 2017, which states that the Property was free and clear of liens and encumbrances. Attached is copy of said Title Report dated May 19, 2017, marked as Exhibit "2".

94. Since as of the date of filing his Chapter 7 case the Defendant had become aware that the Property was free and clear of liens and encumbrances, the Defendant listed Plaintiff as an unsecured claim and all pertinent information submitted with the Chapter 7 Petition, Schedules, Means Test, Statement of Financial Affairs, correctly related the information resulting from the Property Registry as to his real property and creditors.

95. A copy of aforementioned Title Report dated May 19, 2017, was sent to the *Interim Trustee* Wigberto Lugo Mender, Esq.

96. At the 341 meeting of creditors held on June 28, 2017, the Trustee and the Defendant/Debtor discussed the situation surrounding the Property and the lack of liens and encumbrances on the Property as it appeared from the Property Registry.

97. The *Trustee's Report After Meeting of Creditors*, Docket No. 8, reflects that no

21

creditors were present at said 341 meeting.

98. On July 18, 2017, Plaintiff filed a *Motion for Relief From Stay*, Docket No. 10, attaching a copy of a Title Report to evidence its perfection of security.

99. The above-mentioned Title Study dated June 22, 2017, submitted as evidence by Plaintiff, reflects that the mortgage deed number 729 did not appear filed or recorded at the Property Registry for the Property. Docket No. 10, Pages 40-41.

100. The Defendant as the Debtor in the above captioned bankruptcy case submitted accurate information, full disclosure of his [the Debtor's] assets and creditors, submitting evidence of his financial situation to the Bankruptcy Court, to the Interim Trustee and to all creditors and parties in interest in said case.

## V. Conclusion and prayer for relief

101. In the present case, the facts surrounding the recordation at the Property Registry of Plaintiff's mortgage deed number 729 are to be taken into consideration by the Court to determine whether or not the Plaintiff holds a mortgage lien encumbering the Property.

102. The situation which this case presents to the Court based on the factual evidence surrounding the Plaintiff's post-discharge recording of its mortgage deed number 729 at the Registry, denies Plaintiff's allegations that said post-discharge recordation is sufficient to hold that it has a valid pre-petition lien on the Property.

103. The Defendant respectfully requests the Court to declare the following:

      ---that Plaintiff did not have a pending filing ("presentacion") of its mortgage deed 729 since the same had been recorded under Law 216 on property Number 52,552;

22

> ---although no notice of defects was issued buy the Property Registrar, the
> recorded certified copy of the mortgage deed 729 was returned to the Notary
> Public with a Registry note stating that the same was recorded on Property
> Number 52,552 and neither the Plaintiff nor the Notary Public requested a
> pre-bankruptcy petition correction of the erroneous recordation;
>
> ---for purposes of the bankruptcy case, Plaintiff's claim is not a secured claim
> since it did not have a lien or a security on the Property, and being an
> unsecured claim the same was discharged as per the order of discharge
> entered in the bankruptcy case; and
>
> ---the post-discharge conversion of its unsecured discharged claim into a
> secured claim is a violation of the discharge injunction afforded to the
> Defendant/Debtor in the present case.

104. Defendant is entitled to Summary Judgment as a matter of law because there is no genuine controversy as to the material facts of the case and the applicable law and jurisprudence.

**WHEREFORE**, Defendant/Debtor Angel Luis Claudio Diaz respectfully requests this Honorable Court to enter judgment granting the foregoing motion for summary judgment, in the above captioned adversary proceeding.

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of the Court using the CM/ECF filing system which will send notice of same to: the Chapter 7 Trustee, Wigberto Lugo Mender, Esq.; Juan C. Salichs Pou, Esq., *Salichs Pou & Associates PSC*, Counsel for Plaintiff Banco Popular de Puerto Rico; I also certify that a copy of this motion was sent via US Mail to the Defendant: Angel Luis Claudio Diaz, HC 08 Box 39890

23

Caguas PR 00725.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 31st day of May, 2021.

*/s/ROBERTO FIGUEROA CARRASQUILLO*
**USDC # 203614**
***RFIGUEROA CARRASQUILLO LAW OFFICE PSC***
**ATTORNEY FOR the DEFENDANT/DEBTOR**
**ANGEL LUIS CLAUDIO DAIZ**
**PO BOX 186 CAGUAS PR 00726**
**TEL. 787-744-7699; 787-963-7699**
**EMAIL: rfc@rfigueroalaw.com**

Exhibit "1"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANGEL LUIS CLAUDIO DIAZ

DEBTOR

CASE NO 17-03532 ESL

CHAPTER 7

ADV. PROC. NO. 19-00430

_____

BANCO POPULAR DE PUERTO RICO

PLAINTIFF

V.

ANGEL LUIS CLAUDIO DIAZ
WIGBERTO LUGO MENDER (Trustee)

DEFENDANT

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY RE: LACK OF NOTICE FROM PROPERTY REGISTRY CONCERNING POST-DISCHARGE MORTGAGE LIEN

**I, ANGEL LUIS CLAUDIO DIAZ,** the Debtor in case number 17-03441 ESL7, and the Defendant in Adversary Proceeding No. 19-00430 , declare under penalty of perjury as follows:

1. That I am the Debtor in the above captioned bankruptcy case and the Defendant in Adversary Proceeding No. 19-00430.

2. I hereby declare that since May 19, 2017, the date of the filing of the Debtor's Chapter 7 bankruptcy petition and up-to present date, May 27, 2021, I have not received any notice or communication from the Puerto Rico Property Registry and/or the Property Registrar concerning any action taken by the Registry to encumber my residential real property with a mortgage lien in favor of Plaintiff Banco Popular de Puerto Rico.

3. I also declare under penalty of perjury that I have not being served with a copy of a judicial action concerning any request by the Property Registry of Puerto Rico for a Judicial Order which would allow the Registry to encumber my residential real property with a

2

mortgage lien in favor of Plaintiff Banco Popular de Puerto Rico.

4. I certify that although this declaration is submitted in the English language, the same has been translated to me before signing and executing the same.

5. The foregoing declaration is submitted under penalty of perjury and I declare that the same is true and correct to the best of my information and belief.

In Caguas, Puerto Rico this 27th day of May, 2021.

**ANGEL LUIS CLAUDIO DIAZ**

APPLICANT: LCDO. ROBERTO FIGUEROA CARRASQUILLO

RE: ANGEL LUIS CLAUDIO DIAZ

PROPERTY NUMBER: 52,829 REGISTERED ON PAGE 160 OF VOLUME 1552 CAGUAS, PROPERTY REGISTRY OF CAGUAS, FIRST SECCION.

DESCRIPTION: RURAL: Lot Number 3 of San Salvador Ward, Municipality of Caguas, Puerto Rico, with an area of 1,488.00 square meters. Bounded: NORTH: in a distance of 76.6893 meters with Succession of Felipe Flores; SOUTH: with Road for Public use in a distance of 79.5919 meters; EAST: with remains of the principal property in a distance of 57.6532 meters and on the WEST: with Lot #2 in a distance of 51.0808 meters.

REGISTRY TRACT: It was a segregated from Property #25,100, registered on page 266 of volume 770 Caguas.

DOMAIN: This Property is registered under the name of ANGEL LUIS CLAUDIO DIAZ, single, which purchased from Jose Manuel Nazario Diaz, single, for the sum of $35,000.00, by deed #134 subscribed in Caguas, Puerto Rico on august 18th. 2005, before Public Notary Diomarie Laboy Rivera. This document was presented at page 561 of Daily Dairy 1117 on September the 8th.2005, under Law 216 of 2010.

ENCUMBRANCES: FREE

MORTGAGES: Mortgage in favor of Doral Financial Corporation, d/b/a H.F Mortgage Bankers, o to the order of, for the sum of $94,833.00, with interest at 6.95 annually, due on September 1st. of the year 2036. Deed #135 subscribed in San Juan, Puerto Rico on august the 18th. Of 2005, before Public Notary Diomarie Laboy Rivera. This document was presented at page 562 of Diary 1117 on September 8th. 2005, under the Law 216 of 2010, therefore it was registered.

MODIFICATION: The Mortgage for the sum of $94,833.00 was modified, for the only effect of its due date, which will be on august 1st. 2036. Deed #21 subscribed in San Juan, Puerto Rico on august 3rd. of 2006, before Public Notary Felix Y. Bravo Rosario, under Law #216 of 2010, therefore it was registered.

BINNACLE: At page 762 of Diary 1148, on June 29th. 2009, Deed 1201, was presented, and subscribed in San Juan, Puerto Rico on May 28th. 2009 before Public notary Luis A. Archilla Diaz, appears Doral Mortgage LLC, to cancel Mortgage for the sum of $94,833.00, under the law 216 of 2010, therefore it was registered.

BINNACLE: At page 2017-055760-CA01, Deed #30, was presented, and subscribed in Caguas, Puerto Rico on May 17th. 2017, before Public Notary Jorge Figueroa Ortiz, appears the owner ANGEL LUIS CLAUDIO DIAZ, single, to assign this property as his family and secure Home.

REVISION: Federal Attachment, Estate Attachment, Book of Sentences, CRIM, Law #12; Karibe. Date: May 19th. 2017.

LUZ CASTRO COLON
INVESTIGADORA DE TITULOS

TITLE SEARCH STUDY

APPLICANT: LCDO. ROBERTO FIGUEROA CARRASQUILLO

RE: ANGEL LUIS CLAUDIO DIAZ

PROPERTY NUMBER: 52,829 REGISTERED ON PAGE 160 OF VOLUME 1552 CAGUAS, PROPERTY REGISTRY OF CAGUAS, FIRST SECCION.

DESCRIPTION: RURAL: Lot Number 3 of San Salvador Ward, Municipality of Caguas, Puerto Rico, with an area of 1,488.00 square meters. Bounded: NORTH: in a distance of 76.6893 meters with Succession of Felipe Flores; SOUTH: with Road for Public use in a distance of 79.5919 meters; EAST: with remains of the principal property in a distance of 57.6532 meters and on the WEST: with Lot #2 in a distance of 51.0808 meters.

REGISTRY TRACT: It was a segregated from Property #25,100, registered on page 266 of volume 770 Caguas.

DOMAIN: This Property is registered under the name of ANGEL LUIS CLAUDIO DIAZ, single, which purchased from Jose Manuel Nazario Diaz, single, for the sum of $35,000.00, by deed #134 subscribed in Caguas, Puerto Rico on august 18th. 2005, before Public Notary Diomarie Laboy Rivera. This document was presented at page 561 of Daily Dairy 1117 on September the 8th.2005, under Law 216 of 2010.

ENCUMBRANCES: FREE

MORTGAGES: Mortgage in favor of Doral Financial Corporation, d/b/a H.F Mortgage Bankers, o to the order of, for the sum of $94,833.00, with interest at 6.95 annually, due on September 1st. of the year 2036. Deed #135 subscribed in San Juan, Puerto Rico on august the 18th. Of 2005, before Public Notary Diomarie Laboy Rivera. This document was presented at page 562 of Diary 1117 on September 8th. 2005, under the Law 216 of 2010, therefore it was registered.

MODIFICATION: The Mortgage for the sum of $94,833.00 was modified, for the only effect of its due date, which will be on august 1st. 2036. Deed #21 subscribed in San Juan, Puerto Rico on august 3rd. of 2006, before Public Notary Felix Y. Bravo Rosario, under Law #216 of 2010, therefore it was registered.

BINNACLE: At page 762 of Diary 1148, on June 29th. 2009, Deed 1201, was presented, and subscribed in San Juan, Puerto Rico on May 28th. 2009 before Public notary Luis A. Archilla Diaz, appears Doral Mortgage LLC, to cancel Mortgage for the sum of $94,833.00, under the law 216 of 2010, therefore it was registered.

BINNACLE: At page 2017-055760-CA01, Deed #30, was presented, subscribed in Caguas, Puerto Rico on May 17th. 2017, before Public Notary Jorge Figueroa Ortiz, appears the owner ANGEL LUIS CLAUDIO DIAZ, single, to assign this property as his family and secure Home.

BINNACLE: At page 263 of Diary 1145 on December 23rd. 2008, Deed #729 was presented, subscribed in San Juan, Puerto Rico on November 25th. 2008 before Public Notary Enrique Mejia's Rivera, as of Mortgage in favor of Doral Mortgage LLC, for the sum of $111,568.00 , with interest at 5 ½% yearly , due on December 1st . 2038.

NOTE: This Document was presented under another property's number, 52,552, Caguas, which belongs to Lot #64-D, Urbanization La Serrania, in Rio Cañas Ward, belonging to Israel Rodriguez and Maria D. Camacho Vazquez, under law #216 of 2010.

REVISION: Federal Attachment, Estate Attachment, Book of Sentences, CRIM, Law #12; Karibe. Date: September 1st. 2017.

LUZ CASTRO COLON
INVESTIGADORA DE TITULOS