**UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANGEL LUIS CLAUDIO DIAZ<br><br>**Debtor**<br>_____<br>BANCO POPULAR DE PUERTO RICO<br><br>Plaintiff<br><br>v.<br><br>ANGEL LUIS CLAUDIO DIAZ<br>WIGBERTO LUGO MENDER (Trustee)<br><br>Defendant | CASE NO. 17-03532-ESL<br>Chapter 7<br><br><br><br>**ADVERSARY CASE No. 19-00430**<br><br>DECLARATORY JUDGMENT;<br>VALIDITY OF LIEN;<br>CREDITOR'S RIGHT TO FORECLOSE REAL PROPERTY; DECLARATION OF NON DISCHARGEABILITY OF ACTION AGAINST PROPERTY |

**Statement Of Undisputed Material Facts**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure applicable to contested matters by virtue of Bankruptcy Rules 7056 and 9014(c) of the Federal Rules of Bankruptcy Procedure, **Banco Popular de Puerto Rico** ("**BPPR**"), creditor herein, respectfully submits the following statement of material facts not in dispute in support of BPPR's motion for summary judgment.

1. On **August 18, 2005**, Debtor, Angel Luis Claudio Diaz, acquired ownership of a property for the price of $35,0000.00 as per the Vesting Deed. **See ECF 1** (Complaint) at p.2 ¶7; **ECF 4-1** (Motion Submitting Exhibit 7 of Complaint) at p.2 Titleholders section, and **ECF 22** (Answer to Complaint) p. 1 ¶3.

2. The legal description of the property acquired by Debtor is:

    RUSTIC: SAN SALVADOR WARD in Caguas. Plot: 3. Surface Area: 1,488 Square Meters. Boundaries: North, at a distance of 76.6893 meters, according to the plan with the Estate of Felipe Flores. On the South, with a road dedicated to Public Use, with a distance of 79.5919 meters. On the East, with the remainder of the main land plot, with a distance

1

of 57.6532 meters. On the West, with Property number 2, at a distance of 51,0808 meters. Located in San Salvador Ward. It is a segregation of Lot 25100 at Page 266 of Volume 770 in Caguas, approved by Plan number 2386.

**See** ECF No. 1 (Complaint) at p. 2, ¶7; **ECF 4-1** (Motion Submitting Exhibit 7 of Complaint) at p.2 Lot description section, and **ECF No. 22** (Answer to Complaint) at p. 1, ¶3

3. The Property was identified with the number 52,829 and recorded in Page 160, Volume 1552 of the Puerto Rico Registry of the Property, Caguas I. **See ECF No. 1** (Complaint) at p. 4, ¶13; **ECF 4-1** (Motion Submitting Exhibit 7 of Complaint) at p.2, and **ECF No. 22** (Answer to Complaint) at p. 2, ¶9

4. The Vesting Deed was recorded as abbreviated entry no. 2 of Property number 52,829 in the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010[1] **See ECF 1** (Complaint) at p.2 ¶7; **ECF 4-1** (Motion Submitting Exhibit 7 of Complaint) at p.2 Titleholders section, and **ECF 22** (Answer to Complaint) p. 1 ¶3.

5. On **August 18, 2005**, Debtor obtained a loan from Doral Financial Corporation d/b/a HF Mortgage Bankers (the "**Original Lender**") in the amount of $94,833.00 with a yearly interest of 6.95%. **See ECF 1** (Complaint) at p.3 ¶8; and **ECF 22** (Answer to Complaint) p.1 ¶4.

6. To guarantee payment of the amount owed, Debtor constituted a mortgage over **the Property** through the Mortgage **Deed No. 135** before Notary Public Diomary Laboy Rivera. **See ECF 1** (Complaint) at p.3 ¶8; and **ECF 22** (Answer to Complaint) p.1 ¶4.

7. Mortgage Deed No. 135 was recorded as abbreviated entry no. 3 of Property No. 52829, in the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to

---

[1] The Law to Streamline Property Registration is Act No. 216 of December 27, 2010, better known in the Spanish language as "Ley para Agilizar el Registro de la Propiedad." PR Laws Ann. Tit. 30 §1821,

2

the Law to Streamline Property Registration of the year 2010. **See ECF 1** (Complaint) at p.3 ¶8; **ECF 4-1** (Motion Submitting Exhibit 7 of Complaint) at p.2 Encumbrances and liens section; and **ECF 22** (Answer to Complaint) p.1 ¶4.

8. On **August 3, 2006**, the Original Lender modified Mortgage Deed No. 135 pursuant to the terms and conditions described in Public Deed No. 21, executed before Notary Public Félix Y. Bravo Rosario. Specifically, the parties agreed to modify the monthly installments payments of the mortgage note as well as to extend its maturity date. **See ECF 1** (Complaint) at p.3 ¶9; and **ECF 22** (Answer to Complaint) p. 1 ¶5.

9. Public Deed No. 21was recorded as abbreviated entry no. 4 of Property No. 52829 in the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010, **See ECF 1** (Complaint) at p.3 ¶9; and **ECF 22** (Answer to Complaint) p. 1 ¶5.

10. On May 28, 2009, the **Original Lender** released Mortgage Deed No. 135 by means of Public Deed No. 1201, executed before Notary Public Luis A. Archilla Díaz. **See ECF 1** (Complaint) at p.3 ¶10; and **ECF 22** (Answer to Complaint) p. 1 ¶6.

11. Public Deed No. 1201 was recorded as abbreviated entry no. 5 of Property No. 52,829 at the Puerto Rico Registry of the Property, Caguas I. The recordation was made pursuant to the Law to Streamline Property Registration of the year 2010. **See ECF 1** (Complaint) at p.3 ¶10; and **ECF 22** (Answer to Complaint) p. 1 ¶6.

12. On **November 25, 2008**, Debtor and **Co-debtor, Angel Claudio De Jesus and Estebania Díaz Diaz (jointly referred to as "the Co-debtors")** obtained a loan from Doral Mortgage, LLC ("**Lender**") in the amount of $111,568.00 with a yearly interest of 5 1/2%.

    **See** **ECF 1** (Complaint) at p.3 ¶11; **ECF 1-3** at pages 1-4; and **ECF 22** (Answer to Complaint) p. 2 ¶7.

13. On November 25, 2008, to evidence the amount owed to the Lender, Co-debtors executed a Mortgage Note payable to Doral Mortgage, LLC or to its holder under Affidavit No. 3779 of Notary Public Luis E. Mejías Rivera. **See** **ECF 1** (Complaint) at p.3 ¶11; **ECF 1-3** at pages 1-4; and **ECF 22** (Answer to Complaint) p. 2 ¶7.

14. On **November 25, 2008**, C**o-debtors** and Doral Mortgage, LLC subscribed before Notary Public Luis E. Mejías Rivera, the Deed of Mortgage Number 729, which at Section Second indicated that to evidence the loan obtained from Doral Mortgage, LLC, Co-debtors executed a Mortgage Note payable to Doral Mortgage, LLC or to its holder under Affidavit No. 3779 of Notary Public Luis E. Mejías Rivera. Further, at Section Third, the Deed of Mortgage it was stated that to guarantee the payment of the Note, **Co-debtors** agreed to constitute a first mortgage over the Property. **See** **ECF 1** (Complaint) at p.3 ¶11; **ECF 1-4** at pages 1-30; and **ECF 22** (Answer to Complaint) p. 2 ¶8.

15. The legal description of the Property, as it appears in the Property Registry in the Spanish language, encumbered by mortgage was included at page 27 of the Deed of Mortgage:

Rústica: Solar marcado con el número tres (3) en el barrio San Salvador del municipio de Caguas, Puerto Rico, compuesta de mil cuatrocientos ochenta y ocho punto cero cero cero cero (1488.0000) metros cuadrados. En lindes por el NORTE, en una distancia de setenta y seis punto seis mil ochocientos noventa y tres (76.6893) metros, según plano con la Sucesión de Felipe Flores; por el SUR, con camino dedicado a Uso Público en una distancia de setenta y nueve punto cinco mil novecientos diecinueve (79.5919) metros; por el ESTE, con remanente de la finca principal, en una distancia de cincuenta y siete punto seis mil quinientos treinta y dos (57.6532) metros; y por el Oeste, con el solar número dos (2), en una distancia de cincuenta y uno punto cero ochocientos ocho (51.0808) metros.

Property number 52,829, recorded at page 160 of volume 1,552 of Caguas, Digital Registry of the Property of Puerto Rico, First Section of Caguas.

**See** ECF 1 (Complaint) at p.4 ¶13; **ECF 1-4** at p.27; and **ECF 22** (Answer to Complaint) p. 2 ¶9.

16. On December 23, 2008, the Mortgage was presented for recordation at the First Section Caguas of the Puerto Rico Registry of the Property pursuant to entry 263-1145-CA0l. **See ECF 1** (Complaint) at p.4 ¶14; **ECF** 1-6 p. 1; **ECF 4-1** p. 5; and **ECF 22** (Answer to Complaint) p. 2 ¶10.

17. At all relevant times, the Property has been owned by Debtor and title is recorded in his name.

18. Banco Popular de Puerto Rico ("BPPR") is the current holder of the Mortgage Note. **See ECF 1** (Complaint) at p.4 ¶16; and **ECF 22** (Answer to Complaint) p. 2 ¶12.

19. Debtor was aware that BPPR acquired the Mortgage Note and mortgage. **See ECF 1** (Complaint) at p.5 ¶17; and **ECF 22** (Answer to Complaint) p. 2 ¶13.

20. On May 19, 2017, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. **See ECF 1** (Complaint) at p.5 ¶18; and **ECF 22** (Answer to Complaint) p. 2 ¶14.

21. On October 2, 2019, Debtor filed "Schedule D: **Creditors who have claims secured by Property"**. Debtor declared in Schedule D that no entity held secured claims against the bankruptcy estate: **See ECF No. 1** in case no. 17-03532-ESL at p.19; **ECF 1** (Complaint) at p.5 ¶19; and **ECF 22** (Answer to Complaint) p. 2 ¶15.

22. In Schedule E/F, Part 3, Item 5, Debtor declared that Banco Popular de Puerto Rico (Bankruptcy Department), a nonpriority creditor, held an unsecured claim on an account number 6960. **See ECF No. 1** in case no. 17-03532-ESL at p.22; **ECF 1** (Complaint) at p.5 ¶21; and **ECF 22** (Answer to Complaint) p. 2 ¶17.

23. Debtor declared, under penalty of perjury, in the Statement of Intention for Individual filing under Chapter 7 Official Form 108, Part 1 that no entities had a secured claim against the bankruptcy estate. **See ECF 1** (Complaint) at p.5 ¶22; and **ECF 22** (Answer to Complaint) p. 2 ¶18.

24. On July 18, 2017, BPPR filed a Motion for Relief from Stay in case 17-03532-ESL, in which it claimed that it had a secured interest over debtor's real property. **See ECF No. 10** in case no. 17-03532-ESL; **ECF 1** (Complaint) at p.6 ¶25; and **ECF 22** (Answer to Complaint) p. 2 ¶21.

25. BPPR attached to its MFR motion (Motion for Relief of Stay) the following exhibits: (1) copy of a verified statement of account issued by Banco Popular de Puerto Rico that included pre and post-petition arrears in the mortgage loan; (2) copy of endorsed the Mortgage Note executed by Debtor and co debtors before a Notary Public; (3) copy of the Mortgage; (4) an unsworn title report of the Property prepared by Eagle Title & Other Services Inc in the Spanish language[2]; and, (5) a SCRA certification. **See ECF No. 10** in case no. 17-03532-ESL pages 4-41; **ECF 1** (Complaint) at p.6 ¶26; and **ECF 22** (Answer to Complaint) p. 2 ¶22.

26. According to the unsworn title report prepared by Eagle Title & Other Services Inc., dated June 22, 2017, and attached to ECF No. 10, the legal description of the Property under evaluation was:

    **RUSTICA**: Solar marcado con el número Tres (3) en el barrio San Salvador del municipio de Caguas, Puerto Rico compuesta de 1,488.00 metros cuadrados. En lindes por el NORTE, en una distancia de 75.6893metros según plano con la Sucesión de Felipe Flores, por el SUR, con camino dedicado a uso público con una distancia de 79.5919 metros, por el ESTE, con el remanente de la finca principal con una distancia de 57.6532 metros; y por el OESTE, con solar número dos (2), en una distancia de 51.0808 metros.

---

[2] Pursuant to the Title report attached to the MFR, the Property appeared recorded under the name of Jose Manuel Nazario Díaz. However, BPPR's counsel later confirmed that the information was included in error.

Finca número 52,829, inscrita al folio 160 del tomo 1,552 de Caguas, Registro de la Propiedad de Puerto Rico Sección Primera de Caguas.

**See** **ECF 1** (Complaint) at p.6 ¶27; and **ECF 22** (Answer to Complaint) p. 2 ¶23**.**

27. On August 29, 2017, Plaintiff submitted an updated title report of the Property, in the Spanish language, dated August 18, 2017. **See** **ECF 1** (Complaint) at p.7 ¶30; and **ECF 22** (Answer to Complaint) p. 3 ¶26**.**

28. Debtor has not made payments to BPPR under the Mortgage Note since April 2017. **See ECF 1** (Complaint) at p.14 ¶69; and **ECF 22** (Answer to Complaint) p. 5 ¶65**.**

WHEREFORE, BPPR prays that this Court accept this Statement of Material Facts as undisputed when ruling on its Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE**: **I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties in interest registered in this case for CM/ECF notice, including but not limited to: U.S. Trustee's Office, Ochoa Building, Suite 301, 500 Tanca Street, Old San Juan, P.R. 00906, and Wigberto Lugo, in addition to any and all parties registered in this case to receive CM/ECF Notices. Also on this same date a true and exact copy of the foregoing has been sent by regular mail to: **Roberto Figueroa Carrasquillo,** Counsel for Defendant, Box 186, Caguas, Puerto Rico 00726 and to **US Trustee**, Edificio Ochoa 500 Tanca Street Suite 301 San Juan, PR 00901-1922 1922 and to those persons and entities detailed in the Certificate of Service to be filed in relation to this Motion.

In San Juan, Puerto Rico this May 31, 2021.

**SALICHS POU & ASSOCIATES, PSC**
**Counselors for the BPPR**
PO Box 195553
San Juan, Puerto Rico 00919-5553,
Tel: 787-449-6000
Fax: 787-474-3892

**/s/ JUAN C. SALICHS-POU**

7

**JUAN C. SALICHS-POU**
**USDC-PR No. 211610**
**E-mail: jsalichs@splawpr.com**